IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID SHAWN GARNETT, ) | |
| ) | |
| Petitioner, ) | Case No. CV 05-434-E-LMB |
| ) | |
| v. ) | |
| ) | MEMORANDUM DECISION |
| COMMISSIONER, SOCIAL SECURITY ) | AND ORDER |
| ADMINISTRATION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court is David Shawn Garnett's Complaint seeking review of the final decision of Respondent denying his claim for disability insurance benefits and supplemental security income. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.

## ADMINISTRATIVE PROCEEDINGS

David Shawn Garnett ("Petitioner" or "Claimant") applied for supplemental security income benefits under Title XVI of the Social Security Act on October 15, 2001 and disability insurance benefits under Title II of the Social Security Act on October 25, 2001. Petitioner alleged disability beginning July 14, 2001 due to hepatitis C and bipolar disorder (AR 115). Petitioner was insured through September 30, 2006. (AR 18).

MEMORANDUM DECISION AND ORDER - 1

Petitioner's 2001 applications were denied initially and again after reconsideration. (AR 16). Petitioner filed a timely request for a hearing before an Administrative Law Judge. (AR 16). ALJ Michael A. Kirkpatrick held a hearing on March 19, 2003 at which time Petitioner, represented by counsel, appeared and testified. (AR 1337-59). At the hearing, Petitioner testified that he suffered from chronic pain, schizophrenia, bipolar disorder, inability to get along with people, violence, headaches, high blood pressure, and osteomyelitis of the shoulder. (AR 18). Tayna Owens, a vocational expert, also testified at the hearing. (AR 1359-62).

On June 12, 2003, the ALJ issued a decision denying Petitioner's claim because he found Petitioner is able to perform his past relevant work and is therefore not under a disability as defined in the Social Security Act at any time through the date of the decision. (AR 27). The ALJ also found no new and material evidence or any other reason to reopen the decision on Petitioner's 1999 applications for benefits.[1] (AR 17).

After the ALJ had issued the decision, Petitioner submitted new evidence in the record. (AR 5). This evidence includes a new Medical Source Statement of Ability to Do Work-related Activities (Mental) dated October 15, 2003; medical records from the VA Medical Center for the period January 5, 2003 to September 20, 2003; and a medical report from the Portneuf Medical Center dated July 2, 2003.

Petitioner requested the Appeals Council review the ALJ's decision. The Appeals Council considered the additional evidence submitted in the record and ultimately denied

---

[1] Petitioner filed previous applications for supplemental security insurance benefits and disability insurance benefits on July 9, 1999. (AR 16, 63-65). The 1999 application alleged disability as of June 23, 1999 due to back pain, hepatitis C, and bipolar disorder (AR 87). The 1999 application was denied and no appeal was taken. (AR 30).

MEMORANDUM DECISION AND ORDER - 2

Petitioner's request on April 28, 2004, making the ALJ's decision the final decision of the Commissioner of Social Security. (AR 6-8).

Having exhausted his administrative remedies, Petitioner timely filed this instant action. Petitioner argues that 1) the ALJ erred by failing to find that Petitioner's headaches, shoulder injury and degenerative disc disease were severe impairments, 2) the ALJ improperly evaluated Petitioner's history of several mental decompensations in the context of Social Security Regulations and 3) the ALJ improperly rejected the opinion of Petitioner's treating physician. *Petitioner's Brief in Support of Petition for Review*, p. 2 (Docket No. 25).

Petitioner requests that the ALJ's decision be reversed and an award for immediate payment of benefits be entered.

## II.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was 31 years of age. (AR 17). Petitioner has a high school equivalent (GED) education and past relevant work as a metal furniture assembler, plumber helper, brick layer helper, electrician helper, parts picker, meat cutter, lumber yard worker, church janitor, and delivery driver. (AR 17, 18).

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005). The second part of that process involves a determination

MEMORANDUM DECISION AND ORDER - 3

regarding whether the claimant has a "severe impairment." 20 C.F.R. § 416.905(a) (2006). If no "severe" impairment is found, the claimant will be found not to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony,

*Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id*.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Id*. at 1095 (citation omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether it is based on application of proper legal standards.

IV.

DISCUSSION

A.     **Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920 (1997).

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ found there is no evidence that Petitioner has engaged in any substantial gainful activity since the alleged disability onset date. (AR 18).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). The ALJ found that Petitioner suffers from polysubstance addiction, bipolar disorder, and myofascial pain, impairments which are considered to be severe under the Social Security Act and Regulations. (AR 19).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the answer is in the affirmative, the claimant is disabled and benefits are awarded. 20 C.F.R. § 404.1520(d). In this case, the ALJ concluded

that Petitioner's impairments do not meet or equal in severity the appropriate medical findings under 20 CFR Part 404, Appendix 1 to Subpart P. (AR 19).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). In this respect, the ALJ concluded that Petitioner can perform a wide range of unskilled, "medium" work, or work which involves lifting no more than 50 pounds at a time, with frequent lifting and carrying of objects weighing up to 25 pounds. If a person can perform medium work, he can also perform light and sedentary work. Petitioner's past relevant work as a metal furniture assembler, as a parts picker, and as a church janitor did not require the performance of work-related activities precluded by his residual functional capacity. Petitioner's medically determinable impairments do not prevent him from performing his past relevant work as a metal furniture assembler, as a parts picker, and as a church janitor. Therefore, the ALJ concluded that Petitioner was not under a disability as defined in the Social Security Act at any time through the date of the decision. (AR 27).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Because the ALJ concluded that Petitioner is able to perform his past relevant work, he did not address this fifth step.

MEMORANDUM DECISION AND ORDER - 7

**B.      Analysis**

Petitioner argues that the ALJ failed to properly consider certain evidence regarding Petitioner's physical impairments, including headaches, osteomyelitis of the shoulder, and back pain due to degenerative disk disease ("DDD").  Petitioner also argues that the ALJ failed to properly consider Petitioner's mental impairment and the opinion of his treating physician.

**1.      Petitioner's Allegations Regarding Headaches, Osteomyelitis, and Back Pain**

Petitioner argues that the ALJ erred by failing to: (1) find Petitioner's headaches, right shoulder injury, and degenerative disc disease constitute severe impairments and (2) consider the impairments in Petitioner's residual functional capacity.  *Brief in Support of Petition for Review*, pp. 7-8 (Docket No. 25).  Respondent asserts that Petitioner's allegations of headaches, shoulder injury, and degenerative disk disease are not supported by the record.  *Respondent's Response to Petitioner's Brief in Support of Petition for Review*, p. 7 (Docket No. 27).

In determining residual functional capacity, the ALJ is also required to consider all impairments supported by the record, whether such impairments are severe or non-severe.  *See* 42 U.S.C.A. § 423(d)(2)(B)[2]; *Davidson v. Comm'r of Social Security Admin.*, 191 Fed. Appx. 559, 561 (9th Cir. 2006).  "We will assess your residual functional capacity based on all the relevant evidence in your case record."  20 CFR § 404.1545(a)(1).  If Petitioner has more than one impairment, the ALJ must "consider all medically determinable impairments of which we

---

[2]  42 U.S.C.A. § 423(d)(2)(B) provides:
   In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

MEMORANDUM DECISION AND ORDER - 8

are aware, including your medically determinable impairments that are not 'severe.'" 20 CFR § 404.1545(a)(2).

In the instant case, Petitioner testified at the hearing regarding headaches (AR 1350-1352), osteomyelitis of the shoulder (AR 1353-1354), and back pain (AR 1358). The ALJ addressed each of these alleged impairments in the decision but did not find that any one of them was severe.

Headaches. Petitioner did not list headaches as a cause of disability in his application for benefits (AR 115). Nonetheless, Petitioner's medical records demonstrate that Petitioner has consistently complained of headaches to his medical providers since 1999. (AR 150, 164-68, 176).

The ALJ's decision does not address Petitioner's headaches in the analysis of impairment or residual function. Rather, the ALJ evaluated Petitioner's headaches in an evaluation of Petitioner's chronic pain testimony. (AR 23). The ALJ noted that Petitioner's complaints of pain are caused "mainly by chronic headaches." (AR 23). The ALJ discounted such complaints, as he found Petitioner "not credible." (AR 18). The ALJ noted that Petitioner "consistently and aggressively sought additional pain medications" (AR 20), "has engaged in aggressive drug-seeking behavior" (AR 23), and "overendorses pain on a regular basis" (AR 23). As the ALJ states, "The claimant may indeed experience some discomfort. The issue, however, is not whether the claimant has pain, but rather the degree of that pain." (AR 25). Thus, the ALJ considered Petitioner's allegations of impairment regarding headaches and rejected this testimony as not credible, a finding not challenged on appeal.

MEMORANDUM DECISION AND ORDER - 9

In addition to Petitioner's subjective complaints of pain associated with headaches, the Petitioner also relies upon the opinion of Betty Ball, M.D. (AR 164-168) as evidence in support of his alleged physical impairment due to headaches. *Brief in Support of Petition for Review*, p. 7 (Docket No. 25).  The problem with this evidence is two-fold.  First, it is based almost entirely upon Petitioner's subjective complaints.  The report essentially documents what Petitioner describes for pain.  (AR 164-168).  Second, the Commissioner impliedly considered and rejected this evidence when the Commission denied Petitioner's 1999 disability claim on October 29, 1999.  (AR 30-32).  The ALJ found there was no reason to reopen the prior proceedings (AR 17) and this finding has not been appealed.

Thus, the ALJ did not err by declining to consider Petitioner's headaches severe or otherwise including the headaches in a determination of Petitioner's residual functional capacity.

<u>Osteomyelitis and Back Pain</u>.  The ALJ properly noted Petitioner's testimony regarding osteomyelitis and back pain.  (AR 18).  The ALJ did not identify these impairments as severe.  (AR 19).  However, the ALJ did consider the potential impacts of Petitioner's "myofascial pain" (AR 19) and specifically mentioned osteomyelitis of the shoulder in its evaluation of Petitioner's allegations of chronic pain (AR 23).  More importantly, the ALJ included specific limitations on Petitioner's residual functional capacity that are related to his shoulder and back pain.  Specifically, the ALJ found that Petitioner's impairments "prevent him from lifting or carrying more than 25 pounds frequently or more than 50 pounds occasionally; from standing and/or walking for more than six hours total during an eight hour work day; and from sitting for more than six hours total during an eight hour work day."  (AR 19).

Thus, the ALJ properly considered Petitioner's allegations of impairment due to headaches, shoulder pain, and back pain. The ALJ discounted much of Petitioner's testimony as drug-seeking, but considered some degree of limitation stemming from these impairments with regard to Petitioner's residual functional capacity. Therefore, the ALJ's decision was not in error with regard to Petitioner's alleged headaches, osetomyelitis, and back pain.

### 2.  Petitioner's Mental Impairment

Petitioner argues that the ALJ failed to properly evaluate his mental impairment. *Brief in Support of Petition for Review*, p. 8 (Docket No. 25). Respondent argues that the ALJ properly applied the "special technique" for evaluating mental impairments pursuant to 20 CFR §§ 404.1520a, 416.92(a). *Respondent's Response to Petitioner's Brief in Support of Petition for Review*, p. 5 (Docket No. 27). In addition, Respondent argues that "[t]he ALJ properly found that the medical evidence of record did not support Petitioner's subjective complaints of a mental impairment to the degree alleged." *Id.*

When considering evidence of mental impairment, the ALJ must first determine if the claimant has "a medically determinable impairment(s)." 20 CFR § 404.1520a(b)(1). In making this determination, the ALJ "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s)." *Id.* If a medically determinable mental impairment is found, the next step is to rate the degree of functional limitation. 20 CFR 404.1520a(b)(2).

The ALJ found that the Petitioner has medically determinable mental impairments. (AR 22). Specifically, the ALJ noted that Petitioner has polysubstance addiction disorder, bipolar disorder, and an affective disorder, bi-polar versus schizoaffective disorder. (AR 21-22). In

light of these mental impairments, the ALJ analyzed Petitioner's functional limitations regarding daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.  (AR 22) (citing 20 CFR §§ 404.1520a(c), 416.920a(c)).

The ALJ found the Petitioner's mental impairments "cause no more than mild restriction on his daily activities of social living" (AR 22); and no more than moderate limitations in maintaining social functioning (AR 22) and concentration, persistence, and pace (AR 23).  In addition, the ALJ concluded there was "not more than one episode of decompensation in a work setting."  (AR 23).  Thus, the ALJ found that "Petitioner's mental impairments do not meet or medically equal the requirements of listings 12.04 or 12.09."  (AR 23).  In support of these findings, the ALJ relied heavily upon Exhibit 8E (AR 135-139), a form completed by Petitioner on November 8, 2001 and titled, "Disability Supplemental Interview Outline."  (AR 22).  In addition, the ALJ generally cited to Exhibits 5F, 6F, 11F, 12F, 15F, and 16F. (AR 23).  These are all evaluations performed by non-treating, Disability Determination Services ("DDS") physicians.

Notably, the ALJ did not consider evidence of Petitioner's recent hospitalizations as relevant to the disability determination.  Rather, the ALJ limited his consideration to episodes of decompensation at work.  (AR 23).

Petitioner argues that the ALJ should consider all evidence of decompensation regardless of whether the events occur in work settings.  *Brief in Support of Petition for Review*, pp. 9-10. (Docket No. 25).  Citing *Esselstrom v. Chater*, 67 F.3d 869 (9th Cir. 1995), Petitioner alleges that the ALJ should have considered situations such as this where the claimant is unable to

MEMORANDUM DECISION AND ORDER - 12

function outside of supportive environments because even minimal stressors or withdrawal supports cause the individual to become unable to function. *Id.*

The analysis in *Esselstrom* is specific to analyzing schizophrenia under Listing No. 12.03(C), 20 C.F.R. § 404, Subpart P. Appendix 1. In contrast, the ALJ considered Petitioner's impairments in light of Listings 12.04 and 12.09, 20 C.F.R. § 404, Subpart P, Appendix 1 (AR 23). Nonetheless, the evidence of Petitioner's episodes of decompensation, although they did not occur in a work setting, are relevant to an analysis of his functional capacity with regard to social living or functioning.

On remand, the ALJ will have an opportunity to consider Petitioner's offered evidence of decompensation. This evidence will help the ALJ determine whether Petitioner's mental impairments effectively prevent Petitioner from returning to work.

   3.   **The Opinion of Petitioner's Treating Physician**

In the process of finding Petitioner's mental ailments are not severe, the ALJ rejected the opinion of Dr. Phillips, Petitioner's treating physician. Petitioner asserts that this rejection was in error. *Brief in Support of Petition for Review*, p. 11 (Docket No. 25).

The Ninth Circuit has held that a treating doctor's opinion is entitled to special consideration and weight:

> The medical opinion of a claimant's treating physician is entitled to "special weight." The treating physician's opinion is given that deference because "he is employed to cure and has a greater opportunity to know and observe the individual."

*Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989). Accordingly, the uncontradicted opinion of a treating physician may be rejected only upon a showing of clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If the examining physician's

MEMORANDUM DECISION AND ORDER - 13

opinion is contradicted, then the opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-831.

The opinion of a nonexamining physician alone cannot constitute substantial evidence sufficient to justify rejection of an examining physician's opinion. *Id.* at 831. Further, the treating physician's opinion may be disregarded if it is "brief and conclusory in form with little in the way of clinical findings to support [its] conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986)). In the instant action, the ALJ rejected Dr. Phillips' opinion as provided on a "Medical Source Statement of Ability to Do Work-related Activities (Mental)" form dated July 1, 2002. (Exhibit 13F). (AR 21). The ALJ rejected this opinion, because the form was no longer used and is not considered a reliable ratings instrument, Dr. Phillips did not include a narrative explanation on the form, Dr. Phillips did not provide clinical signs in support of her conclusions on the form, and Dr. Phillips did not otherwise indicate what evidence would support the conclusions on the form. (AR 21). In addition, the ALJ determined that the assessment is based on Petitioner's subjective complaints and was "more an act of courtesy to a patient, rather than a genuine medical assessment of discrete functional limitations based upon clinically established pathologies." (AR 21). Finally, the ALJ specifically found that "the assessment of Dr. Phillips is unsupported by, and that it is inconsistent with, the credible evidence in the record." (AR 21).

The ALJ's reasons for rejecting Dr. Phillips' opinion do not withstand scrutiny. First, there may be problems associated with the form, including lack of narrative or explanation for the conclusions stated therein. However, the failures of the form do not justify rejecting Dr. Phillips' conclusions. Dr. Phillips was Petitioner's treating psychiatrist and physician directing

MEMORANDUM DECISION AND ORDER - 14

Petitioner's care from 2001 to 2003. (AR 277-79, AR 280-723). Dr. Phillips' treatment notes were attached to the form and are part of the medical evidence in the record (13F, 14F). These notes provide sufficient support for the conclusions in the outdated form.

Second, there is no evidence in the record to support the conclusion that Dr. Phillips completed the capacities form as an act of courtesy to a patient, rather than a genuine medical assessment of discrete functional limitations.

Third, there is no support for the conclusion that Dr. Phillips' assessment is unsupported by and contradicted by the credible evidence in the record. To the contrary, there is substantial evidence in the record consistent with Dr. Phillips' opinion, including evidence of Petitioner's increasing incapacity and the Veterans Administration's ("VA") decision to increase Petitioner's disability rating from ten (10) to seventy (70) percent disabled. (AR 21). The ALJ rejects the VA decision, stating "there is no explanation for the increase in the VA rating." (AR 21). Yet, the medical records demonstrate a marked increase in apparent mental problems after July 2001, including four hospitalizations for in-patient psychiatric care. (AR 277, AR 742-872).

On remand, the ALJ will have the opportunity to either consider the treating physician's opinion or reject it with specific and legitimate reasons supported by substantial evidence in the record.

## V.

## CONCLUSION

The ALJ erred in its evaluation of Petitioner's mental impairment. Specifically, the ALJ did not perform the requisite analysis of Petitioner's functional capacity as it did not consider

MEMORANDUM DECISION AND ORDER - 15

evidence of recurring decompensation outside the work setting and improperly rejected the opinion of Petitioner's treating physician.

## VI.

## ORDER

Based on the foregoing, Petitioner's request for review is GRANTED. The Commissioner's decision that Petitioner is not disabled within the meaning of the Social Security Act is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).



DATED: **April 2, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge